UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCOS A. PADRON QUINTEROS,

    Plaintiff,

vs.                              CASE NO.

UNITED STATES OF AMERICA

    Defendant.
_____/

## COMPLAINT

Plaintiff Marcos A. Padron Quinteros sues Defendant United States of America, and alleges:

1. This is an action for damages arising under the Federal Tort Claims Act, 28 USC §§ 2671 et seq. This court is vested with subject matter jurisdiction pursuant to 28 USC § 1346(b).

2. Venue is proper in this District because the acts and omissions complained of herein occurred in Tampa, Hillsborough County, Florida and within the Middle District of Florida.

3. At all material times, Defendant United States of America, by and through the United States Postal Service ("USPS"), owned and operated the Ybor City Station P & DC USPS Facility located at 1801 Grant Street, Tampa, Florida (the "Grant Street P & DC Facility").

4. In the early morning of July 25, 2020, Plaintiff arrived at the Grant Street P & DC Facility to receive a shipment to be loaded onto a tractor trailer he was operating.

5. At all material times, Defendant, by and through the USPS, owed Plaintiff a duty to maintain the premises at the Grant Street P & DC Facility a reasonable safe condition, including the proper and safe operation of equipment incidental to loading tractor trailers.

6. The dispatcher instructed Plaintiff to go to dock 59 and that he would have to operate the ramp himself to get loaded. Plaintiff was provided no instructions or training in the use of the ramp.

7. Plaintiff backed his trailer into position and was able to lower the ramp into place onto the bed of the trailer. A forklift operator with the USPS facility then loaded pallets onto the trailer and departed.

8. In reliance upon the dispatcher's instructions, Plaintiff understood that he would have to remove the ramp from his trailer to complete the loading process before he could depart.

9. Plaintiff placed the bar used to operate the ramp into position in the hole and began the process to retract the ramp. When the ramp cleared the trailer bed, the ramp suddenly and without warning fell so that the

weight and motion caused the bar to come up and enter his left eye causing a total loss of vision.

10. The subject ramp system was owned and should have been operated by USPS persons with the proper training and experience. The Dispatcher should never have forced Plaintiff into the situation to operate the ramp to pick-up his shipment. If so, Plaintiff should have been given instructions and education on the proper use of the ramp and any dangers associated with the bar. Instead, Plaintiff had no choice but to try to operate the ramp as best he could without any training or experience.

11. Defendant, by and through its agents or employees at the Grant Street P & DC Facility, were negligent and breached their duty of care by failing to provide a trained person to operate the ramp.

12. Alternatively, Defendant, by and through its agents or employees at the Grant Street P & DC Facility, were negligent and breached their duty of care in that the subject ramp was negligently maintained and not in proper working order when used by Plaintiff.

13. As a direct and proximate result of the negligence of Defendant's employees or agents, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and

treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition, which losses are permanent and continuing.

14. Plaintiff filed a notice of claim (SF95) with the USPS for the sum of $2,500,000 that was received on May 21, 2021. The USPS failed to make a final administrative disposition of Plaintiff's claim and more than six months has elapsed without the agency taking formal action thereon.

WHEREFORE, Plaintiff demands judgment against Defendant for damages plus appropriate interest, costs, and such other relief as this Court deems just and proper.

Respectfully submitted,

_____
DAVID D. DICKEY, ESQ.
Florida Bar # 949019
THE YERRID LAW FIRM
101 East Kennedy Blvd., Suite 3900
Tampa, FL 33602
Telephone: (813) 222-8222
Facsimile: (813) 222-8224
*Attorneys for the Plaintiffs*
DDickey@yerridlaw.com