UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCOS A. PADRON QUINTEROS,

    Plaintiff,

v.                                                                                          Case No: 8:22-cv-677-MSS-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant United States of America moves to dismiss Plaintiff Marcos A. Padron Quinteros's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (Motion, Dkt. 14.) Plaintiff opposes the Motion. (Dkt. 15.) On January 4, 2023, the court held a hearing on the Motion. At the hearing, the United States provided additional cases and argument in support of its Motion. (*Id.*) As a result, the United States was directed to file a reply that included its arguments, and Plaintiff was granted leave to file a surreply. (Dkt. 19.) The Motion is now fully briefed (Dkts. 21, 22), and ripe for review. For the reasons that follow, the court recommends that the Motion be granted.

## BACKGROUND

This is a negligence action brought against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2674. (Dkt. 1.) Plaintiff is seeking compensation for damages resulting from injuries he sustained

on July 25, 2020, while picking up mail from the United States Postal Service (USPS) in Tampa, Florida. (*Id.*)

Prior to the accident, the USPS had subcontracted part of its contractual obligation to deliver mail to Matson American Transportation Services. (Dkt. 14-2 at 6, 8–19.) As part of the contract between Matson and the USPS, Matson was required to maintain and furnish evidence of workers' compensation, which it did. (Dkt. 15 at 4; Dkt. 14-2 at 52; Dkt. 15-1 at 4). Matson further subcontracted Windy City Carriers, Inc., who contracted with Plaintiff to transport loads of mail on behalf of the USPS. (Dkt. 14 at 2, 58–91; Dkt. 15 at 5; Dkt. 15-1 at 1-2; Dkt. 15-2 at 1–2, 4.)

According to Plaintiff, after he arrived at the USPS Grant Street Processing and Distribution Center, the dispatcher sent him to the dock and instructed him to operate the ramp himself to load the trailer. (Dkt. 1 at ¶¶ 3, 4, 6.) Plaintiff alleges that the dispatcher did so without providing Plaintiff any instruction or training about how to operate the ramp. (*Id.* ¶ 6.) Plaintiff alleges that he backed his trailer into position at the dock, then lowered the ramp into place before a forklift operator loaded the trailer. (*Id.* ¶ 7.) When Plaintiff attempted to remove the ramp so that he could depart with the load, Plaintiff alleges that he was struck by a metal bar which caused serious injuries to his eye. (*Id.* ¶ 9.) Plaintiff avers that after the accident, he did not apply for, nor receive, any workers' compensation benefits. (Dkt. 15-2 at 6.) Following the accident, Plaintiff filed suit against the United States.

## PROCEDURAL HISTORY

The United States previously moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. *See* (Dkt. 7.) Plaintiff objected and requested limited jurisdictional discovery. *See* (Dkt. 8.) The court denied the motion to dismiss without prejudice, granted the parties 90 days to conduct limited jurisdictional discovery, and permitted the United States to renew the motion, if warranted. (Dkt. 10.)

The United States now renews its motion to dismiss for lack of subject matter jurisdiction. (Dkt. 14.) Specifically, the United States contends Plaintiff's Complaint is subject to dismissal as the United States "is shielded from liability due to sovereign immunity because a similarly situated private party would be immune for a workplace injury by an employee of a sub-subcontractor when it ensured that its subcontractor provided workers' compensation insurance coverage to its employees." (*Id.* at 1–3.)

## APPLICABLE STANDARDS

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction can be based upon either a facial or factual challenge to the complaint. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990)). "A 'facial attack' challenges whether a plaintiff 'has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* at 1529 (quotation marks omitted). *Id.* A factual attack, however, challenges the

underlying facts supporting the court's jurisdiction. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011). When evaluating a factual attack, "the district court is not obligated to take the allegations in the complaint as true." *Id.* Instead, the court "may consider extrinsic evidence such as deposition testimony and affidavits." *Id.* And from this evidence, the court may "independently weigh the facts, and is not constrained to view them in the light most favorable to the non-movant." *Id.* Here, the United States asserts a factual attack to the court's subject matter jurisdiction.

## ANALYSIS

### A. Federal Tort Claims Act

As noted above, Plaintiff brings suit against the United States pursuant to the FTCA, 28 U.S.C. §§ 1346(b)(1) and 2674. (Dkt. 1.) The FTCA "provides a limited waiver of the United States' sovereign immunity for tort claims." *See Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013) (internal quotation omitted). Pursuant to 28 U.S.C. § 1346(b), the United States is liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). Pursuant to 28 U.S.C. § 2674, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. *See also Richards v. United States*, 369 U.S. 1, 6 (1962) (discussing the FTCA); *Hurst v. U.S. by & through Dep't of*

*the Agric. U.S. Forest Serv.*, 782 F. App'x 978, 980–81 (11th Cir. 2019) (discussing section 2674 of the FTCA). The term "like circumstances" does not mean "identical" or "same" circumstances. *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1203 (11th Cir. 2008). Instead, "like circumstances" means "similarly situated." *Id.*

The Court of Appeals for the Eleventh Circuit has explained, "the FTCA provides that the United States may be held liable for damages for 'personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Schippers v. United States*, 715 F.3d 879, 883 (11th Cir. 2013) (quoting 28 U.S.C. § 1346(b)(1)). The FTCA's reference to the law of the place "means law of the State—the source of substantive liability under the FTCA.'" *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) (quoting *Meyer*, 510 U.S. at 478) (internal quotation marks omitted). In other words, 28 U.S.C. §§ 1346(b)(1) and 2674 work together to "preclude liability of the federal government absent a showing by the plaintiff that a private individual . . . in like circumstances[ ] would be liable for the particular tort under governing state law where the tort occurred." *Zelaya v. United States*, 781 F.3d 1315, 1323 (11th Cir. 2015). Plaintiff has the burden of establishing subject matter jurisdiction pursuant to the FTCA. *Id.*; *Motta*, 717 F.3d at 844; *Tursom v. United States*, No. 20-cv-20811-BLOOM/Louis, 2021 WL 3493207, at *4 (S.D. Fla. Aug. 9, 2021) ("The party asserting the FTCA claim bears the burden of demonstrating that a private

individual in like circumstances would be liable for the tort at issue under governing state law.") (citation omitted).

Here, because the FTCA requires federal courts to apply the substantive law of the state where the claim arose, the undersigned reviews the United States' Motion under Florida law. *See Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004) ("As the alleged tort here occurred in Florida, Florida tort law applies."); *Triolo v. United States*, No. 3:18-cv-919-MMH-JBT, 2022 WL 843580, at *1 (M.D. Fla. Mar. 22, 2022) ("In considering claims brought under the FTCA, the Court applies the substantive law of the place where the claim arose."). To determine whether the court has subject matter jurisdiction over Plaintiff's negligence claim against the United States pursuant to the FTCA, the court must analogize the United States to a private actor in a similar situation and apply Florida state law to determine amenability to suit. *See Zelaya*, 781 F.3d at 1323–24, 1324 n.4 (noting that "the analogy that must be made is one between the federal government and a private person"); *Ochran*, 273 F.3d at 1317 ("[U]nless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim."); *Fisher v. United States*, 995 F.3d 1266, 1269 (11th Cir. 2021) (noting "we may exercise jurisdiction over this [FTCA] suit if—and only if—it could be brought against a private person under Florida tort law"). If a private person under similar circumstances would be liable under Florida law in this case, the United States' sovereign immunity would be waived. *See Lawrence*, 919 F.2d at 1528 ("Unless, according to the law of Florida, the United States could be liable for this alleged tort . . . if it were a private person, then not only is the sovereign's immunity

intact, but the district court is without subject matter jurisdiction and must dismiss the suit.").

### B. Florida's Workers' Compensation Law

Florida's workers' compensation law is codified in chapter 440, Florida Statutes. It is a "comprehensive scheme . . . that generally provides workers' benefits without proof of fault and employers immunity from tort actions based upon the same work place incident." *Aravena v. Miami–Dade Cnty.*, 928 So. 2d 1163, 1167 (Fla. 2006) (quoting *Taylor v. Sch. Bd. of Brevard Cnty.*, 888 So. 2d 1, 2 (Fla. 2004)). Section 440.11 of the Florida Statutes provides that "[t]he liability of an employer [for injuries incurred in the course and scope of employment] prescribed in [section] 440.10 shall be exclusive and in place of all other liability . . . ." Fla. Stat. § 440.11. Thus, for those individuals that fall within the statute's reach, "workers' compensation is the exclusive remedy for accidental injury or death arising out of work performed in the course and the scope of employment." *Turner v. PCR, Inc.*, 754 So. 2d 683, 686 (Fla. 2000) (citing Fla. Stat. § 440.11) (internal quotation marks omitted); *see also Garcia v. Public Health Trust of Dade Cnty.*, 841 F.2d 1062, 1065 (11th Cir. 1988).

Under Florida's workers' compensation law, even if a traditional employer-employee relationship does not exist, a "statutory employer" may be liable for workers' compensation. *Orama v. Dunmire*, 552 So. 2d 924, 925 (Fla. 1st DCA 1989) (citations omitted) (discussing Florida Statute section 440.10). The statutory employer provision of Florida Statute section 440.10(1)(b), states in pertinent part that if a contractor "sublets" or delegates "any part or parts" of its contract work, then all the

contractor's and subcontractor's employees are "deemed to be employed in one and the same business or establishment," and the contractor is liable for the payment of workers' compensation to the subcontractor's employees. Fla. Stat. § 440.10(1)(b). To constitute a statutory employer who is liable for the payment of workers' compensation, "there must be a contractual obligation on the part of the contractor, a portion of which he sublets to another." *Cork v. Gable*, 340 So. 2d 487, 489 (Fla. 2d DCA 1976). Notably, "where an entity assumes the legal status of a contractor, it becomes the 'statutory employer' of the subcontractor's employees and is liable for the payment of workers' compensation benefits if the subcontractor does not secure payment." *Lache v. Bal Harbour Hotel, LLC*, 104 F. Supp. 3d 1379, 1383 (S.D. Fla. 2015) (citing *Orama*, 552 So. 2d at 925). Thus, "section 440.10(1)(b) extends the liability imposed by section 440.10(1)(a) on employers to secure insurance coverage for the payment of workers' compensation benefits to contractors requiring them to secure coverage for the employees of subcontractors engaged on sublet contract work." *VMS, Inc. v. Alfonso*, 147 So. 3d 1071, 1073–74 (Fla. 3d DCA 2014).

Although statutory employers may be liable for the payment of workers' compensation, they may also be immune from suit under certain circumstances. Specifically, "where the statutory employer secures coverage or ensures that the subcontractor does so, the statutory employer is immune from suit for the employees' personal injuries." *VMS, Inc.*, 147 So. 3d at 1075 (quoting *Adams Homes of N.W. Fla., Inc. v. Cranfill*, 7 So. 3d 611, 613 (Fla. 5th DCA 2009)). Indeed, as the Supreme Court of Florida has stated,

> a contractor who sublets part of its work to a subcontractor, being liable to secure coverage for employees of its subcontractors, is also immune from suit by such employees when such coverage has been secured. It is the liability to secure such coverage for such employees in the event the subcontractor does not do so that immunizes a contractor from suit by such employees.

*Motchkavitz v. L.C Boggs Indus., Inc.*, 407 So. 2d 910, 912 (Fla. 1981), *overruled on other grounds by Emp'rs Ins. of Wausau v. Abernathy*, 442 So. 2d 953 (Fla. 1983) (citing *Jones v. Fla. Power Corp.*, 72 So. 2d 285 (Fla. 1954)).

For example, in *VMS, Inc.*, the Florida Department of Transportation contracted with VMS to maintain certain roadways and bridges. 147 So. 3d at 1072. VMS subcontracted certain tasks to ABC. *Id.* The contract required ABC to secure workers' compensation insurance, which it did. *Id.* ABC further subcontracted work to Lazaro to perform some of the work that ABC obligated itself to do. *Id.* Lazaro in turn hired several day laborers, included appellee Alfonso, who was injured on the job. *Id.* Lazaro did not have workers' compensation insurance. *Id.* Alfonso never filed a workers' compensation claim, but instead filed a civil suit against both VMS and ABC for negligence. *Id.* VMS responded, claiming workers' compensation immunity. *Id.* In reversing the trial court's granting of summary judgment in favor of Alfonso, the appellate court held that there was no dispute that VMS secured coverage for ABC's employees by virtue of the insurance coverage secured by its subcontractor, ABC, and therefore VMS was not liable for injuries sustained by any of ABC's or Lazaro's employees while at work. *Id.* at 1074–75 (citing Fla Stat. §§ 440.10(1)(b), 440.11(1)).

Similarly, in *Rodrigues*, the appellate court held that appellant, Broward County, was the statutory employer of its subcontractor's employee who was injured at work, and therefore, entitled to summary judgment based on workers' compensation immunity. 686 So. 2d 774, 776 (Fla. 4th DCA 1997). There, the county, which ran a regional wastewater treatment plant that was contractually obligated to provide wastewater services for eleven municipalities, "contracted with Shenandoah Construction Company to maintain pipes, tanks, and sewers at the facility." *Id.* at 775. The county's contract with Shenandoah required Shenandoah to supply workers' compensation coverage. *Id.* Rodrigues, an employee of Shenandoah, sued Broward County in negligence after he was injured at the facility. *Id.* In reversing the trial court's denial of the county's motion for summary judgment based on workers' compensation immunity under Florida Statute section 440.10(1)(b), the court explained:

> Applying [Fla. Stat. § 440.10(1)(b)], a contractor (the county) entering into a contractual obligation to a third party (the municipalities) and subcontracting a portion of that work (necessary maintenance) to a subcontractor (Shenandoah) is deemed to be the employer of its subcontractor's employees. As such, it, the statutory employer-county, is responsible for securing coverage for the subcontractor's employees. When the statutory employer does so, either by providing coverage or requiring that the subcontractor do so, the statutory employer is immune from suit for the employee's personal injuries, as worker's compensation is the exclusive remedy.

*Id.* at 775.  Accordingly, once a contractor, who is a statutory employer, ensures that workers' compensation coverage has been secured, the contractor will benefit from the immunity conferred by sections 440.10 and 440.11 of the Florida Statutes.

### C. The United States is Immune from Suit

The United States argues that a similarly situated private actor in Florida would be considered a statutory employer under Florida's workers' compensation law and as a result, it would have a defense against a negligence suit under the statute's exclusive remedy provision.  (Dkt. 14 at 4–6.)  Florida Statute section 440.11 provides that workers' compensation is the exclusive remedy available to an injured employee in Florida who falls within the statute's reach.  *See Turner*, 754 So. 2d at 686; *VMS, Inc.*, 147 So. 3d at 1073–75; *Payne v. J.B. Hunt Transp., Inc.*, 154 F. Supp. 3d 1310, 1315–16 (M.D. Fla. 2016) ("Florida Statute § 440.11(1)(a) provides that the workers' compensation scheme is the exclusive remedy for an injured employee unless the employer fails to obtain compensation as required under the FWCL.").  Thus, a similarly situated private employer that secures workers' compensation coverage is immune from suit by an employee for a work-related injury.  *See VMS, Inc.*, 147 So. 3d at 1075.

In this case, the analogous private actor is a private sector package delivery company such as FedEx or UPS.  Other courts have similarly found FedEx to be an appropriate analogue to the USPS.  For example, in *Marinese v. United States*, No. 1:10-cv-8, 2013 WL 878284 (D. Alaska Mar. 7, 2013), the plaintiff was delivering a parcel of freight at a USPS building when he was injured by a collapsing overhead freight

door. *Id.* at *1.  At the time of the accident, the plaintiff was not a USPS employee, but rather an employee of a private company that was authorized to carry U.S. mail. *Id.*  The plaintiff sued the United States pursuant to the FTCA. *Id.*  In undertaking the FTCA's similarly situated private actor analysis, the court analogized the USPS to a private sector package delivery company such as FedEx and found that the United States had not waived sovereign immunity. *Id.* at *1–3.  The Ninth Circuit affirmed the decision and noted that a private sector package delivery company such as FedEx is an appropriate analogue for USPS. *Marinese v. United States*, 584 F. App'x 492, 493 (9th Cir. 2014).

Likewise in *McGriff v. United States*, No. 4:19-cv-510-MW/MAF (N.D. Fla. Mar. 11, 2021), the plaintiff was delivering U.S. mail for his employer which had contracted with the USPS.  While delivering mail at a USPS office, the plaintiff fell and was injured. *Id.*, ECF. No. 56 at 1.  The plaintiff sued the United States pursuant to the FTCA for negligence. *Id.*  In granting the United States' motion to dismiss for lack of subject matter jurisdiction, the court found that a similarly situated private entity, such as FedEx, would be deemed a statutory employer under Florida Statute section 440.10(1)(b) and would be immune from liability under Florida Statute section 440.11, as long as it ensured that plaintiff had received workers' compensation coverage.

Under the facts presented in this case, a similarly situated private entity like FedEx, would be immune from liability for its subcontractors' and sub-subcontractors' employees' injury claims as long as it ensured that its subcontractors provided workers'

compensation coverage. *See* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."). As both parties agree and as the evidence establishes, USPS required Matson to provide workers' compensation coverage to its employees as part of the contract to deliver mail, which Matson did. (Dkt. 14-2 at 52, 93–94.) As such, the United States is deemed a statutory employer under Florida Statute section 440.10(1)(b) and is immune from liability under Florida Statute section 440.11. *See Rivera v. U.S. Army Corps of Eng'rs*, 891 F.2d 567, 568 (5th Cir. 1990) (finding statutory employer rule applies to the United States when it is sued under the FTCA).

Although the United States was unable to obtain workers' compensation insurance, it required its subcontractor Matson to do so. By imposing this requirement upon Matson, the United States complied with the purpose of Florida Statute section 440.10(1)(b) in the only means available to it. *See e.g.*, *Willoughby v. United States*, No. 5:11-cv-122-JRG, 2012 WL 2958242, at *5 (E.D. Tex. July 19, 2012) ("While it is true that the United States cannot directly purchase workers' compensation insurance for outside contractors' employees, there is no basis in law or logic to treat the United States any different than a general contractor that has satisfied the steps necessary to qualify as a statutory employer under state law."). As the United States secured workers' compensation benefits for its employees in the manner available to it, the court finds the United States is immune from tort liability for the common law negligence alleged by Plaintiff. The United States has waived sovereign immunity

only to the extent that a similarly situated private person would be liable and given the facts and evidence presented the United States has not waived its sovereign immunity in this case.

Plaintiff's arguments opposing the United States' Motion misconstrue Florida's Workers' Compensation Law. The question before the court is not whether Plaintiff, as an "employee" or "an independent contractor" is eligible to make a claim for workers' compensation benefits as a result of his on-the-job accident. The question is whether the United States qualifies for tort immunity under section 440.11. As to this question, it is the liability to secure coverage for a subcontractor's employees in the event the subcontractor fails to do so which immunizes a contractor from suit. *Motchkavitz,* 407 So. 2d at 912; s*ee Adams Homes of Nw. Fla., Inc.*, 7 So. 3d at 613 ("[W]here the statutory employer *secures coverage* or ensures that the subcontractor does so, the statutory employer is immune from suit for the employees' personal injuries."). And as discussed herein, the United States properly mandated and verified that Matson secured workers' compensation coverage. (Dkt. 14-2 at 52.) *See also Latite Roofing & Sheet Metal Co. v. Barker*, 886 So. 2d 1064, 1066 (Fla. 4th DCA 2004) (finding that the contractor "performed in the way the statute sought to encourage" and was "entitled to immunity" where it verified that its subcontractor had coverage).

Accordingly, the undersigned finds that the court lacks subject matter jurisdiction over the United States. The United States' sovereign immunity is not waived as Plaintiff's claim fails to meet the requirements of the FTCA. *See* 28 U.S.C. § 1346(b)(1); *see Ochran*, 273 F.3d at 1317 (internal citation omitted).

Accordingly, it is **RECOMMENDED** that:

1. The United States' Renewed Motion to Dismiss (Dkt. 14) be **GRANTED**.

2. The case be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO REPORTED** in Tampa, Florida, on February 23, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Mary S. Scriven
Counsel of Record