UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARCOS A. PADRON QUINTEROS,**

    **Plaintiff,**

**v.**                                                                                       Case No: 8:22-cv-677-MSS-JSS

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____

## **ORDER**

**THIS CAUSE** comes before the Court for consideration of the Plaintiff's Complaint seeking damages against the Defendant, through the United States Postal Service ("USPS"), for injuries sustained on July 25, 2020, while picking up mail from USPS in Tampa, Florida. (Dkt. 1) On February 23, 2023, United States Magistrate Judge Julie S. Sneed issued a Report and Recommendation, recommending that the United States' Renewed Motion to Dismiss be granted, and that the case be dismissed without prejudice for lack of subject matter jurisdiction. (Dkt. 23) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **OVERRULES** the Objections, (Dkt. 24), and **AFFRIMS** the Magistrate Judge's Report and Recommendation. (Dkt. 23)

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the Magistrate Judge's

report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo* and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C); see Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

On February 23, 2023, Magistrate Judge Sneed entered a Report and Recommendation, (Dkt. 23), granting the United States' renewed motion to dismiss. (Dkt. 14) Judge Sneed found that the Court lacked subject matter jurisdiction over the United States and that the United States' sovereign immunity was not waived because Plaintiff's claim failed to meet the requirements of the Federal Tort Claims Act ("FTCA"). (Dkt. 23 at 14)

By way of background, USPS had subcontracted part of its contractual duty to deliver mail to Matson American Transportation Services ("Matson"), which in turn subcontracted with Windy City Carriers, Inc. ("Windy City") (Id. at 2) Windy City

2

hired Plaintiff to transport loads of mail on behalf of USPS. (Id.) USPS had a contract with Matson, in which Matson was required to maintain and furnish evidence of worker's compensation, which it did. (Id.) (citations omitted) Neither party disputes this fact. (Id. at 13; see also Dkt. 15 at 17) Judge Sneed found that, because "USPS required Matson to provide workers' compensation coverage to its employees as part of the contract to deliver mail," the United States "is deemed a statutory employer" under Florida's workers' compensation statute, and thus "immune from liability." (Id. at 13)

Plaintiff objects to Judge Sneed's Report and Recommendation for three reasons. First, Plaintiff claims he never received workers' compensation benefits because Windy City provided no such coverage, and he never independently purchased such additional coverage. (Dkt. 24 at 2) Second, Plaintiff argues that neither the United States nor Matson established it was a "statutory employer" of Plaintiff because Plaintiff was not an "employee." (Id.) Specifically, to the extent Illinois law applied, which governed the relationship between Windy City and Plaintiff, Plaintiff explains he was an independent contractor of Windy City. (Id.) Further, to the extent Florida law applied, Plaintiff claims he was not an "employee" as defined under the workers' compensation statute; instead, Plaintiff claims he was statutorily excluded from the definition as an "owner-operator" of a motor vehicle. (Id.) Third, Plaintiff asserts that there was no evidence Matson had secured workers' compensation coverage for him such that the United States could assert immunity from suit. (Id. at

4) As such, Plaintiff requests additional time to determine whether Matson's workers' compensation policy covered Plaintiff. (Id. at 5)

The United States responded to Plaintiff's objections. (Dkt. 28) The United States first explains that Plaintiff is incorrect to suggest that payment of workers' compensation benefits is required for the United States to be immune. (Id. at 3) Rather, it is enough if the United States ensured that workers' compensation insurance coverage had been secured for each worker. (Id.) (citing VMC, Inc. v. Alfonso, 147 So. 3d 1071, 1076 (Fla. 3d DCA 2014) (*en banc*)) The United States also explains that in all of the cases cited by it and Judge Sneed, where the courts granted immunity because the claimant was an "employee" under Florida law, the courts were in fact considering whether the individuals were statutory employees as opposed to "employees" in the traditional sense. (Id. at 3-4) Consequently, Plaintiff's attempt to distinguish those cases from the instant matter on the grounds that he was not an "employee" misses the mark. (Id.) Finally, the United States argues that the Court should deny Plaintiff's request for an extension of time to obtain the Matson policy. (Id. at 5) According to the United States, Plaintiff's request is immaterial to the issue at hand, that is whether the United States is immune from suit because it ensured that Matson had provided workers' compensation insurance coverage to its employees.

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Plaintiff's objections are merely reassertions of the arguments raised in his Response

to Defendant's Renewed Motion to Dismiss. (Dkt. 15) The Court finds that Plaintiff's assertions were all properly disposed of by the Magistrate Judge, consistent with binding law and the applicable standard of review. Therefore, Plaintiff's objections are **OVERRULED**.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation (Dkt. 23) is **CONFIRMED** and **ADOPTED** as part of this Order.

2. Defendant's Objections to the Magistrate's Report, (Dkt. 24) are **OVERRULED**.

3. The **CLERK** is directed to enter final judgment in favor of the Defendant and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of August 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person